**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Hendrix Wholesale Supply LLC,

Plaintiff,

v.

Trident Transport LLC, et al.,

Defendants.

No. CV-26-06629-PHX-KML

**ORDER**

Attorneys Christi A. Woods and Waco Perry, representing defendant Fosse Blanc Trucking Corporation, removed this case from Maricopa County Superior Court "based on diversity of citizenship." (Doc. 1 at 1.) On September 18, 2026, the court issued an order that states in relevant part:

> Plaintiff and defendants are identified as limited liability companies. Limited liability companies are deemed citizens "of every state of which [their] owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Ownership of a limited liability company must be "traced through as many levels as necessary until reaching a natural person or a corporation." *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023). This is the second time the court has instructed defense counsel Christi Anne Woods and Waco Perry regarding the requirements for establishing diversity jurisdiction. See CV-25-1262-PHX-KML, Doc. 7. There should not be a third instance of defense counsel failing to meet these basic requirements. IT IS ORDERED no later than September 22, 2026, Fosse Blanc Trucking Corporation shall file a supplement identifying all members of all parties and the citizenships of those members.

(Doc. 4.) Shortly afterwards, Woods filed a Diversity Disclosure Statement. (Doc. 5.) That

document states Hendrix Wholseale [sic] Supply, LLC is a citizen of Arizona, Fosse Blanc Trucking Corporation is a citizen of New York, and Trident Transport LLC is a citizen of Tennessee. (Doc. 5 at 2.) Despite the court's order requiring the supplement identify "all members of all parties and the citizenships of those members," tracing ownership "through as many levels as necessary until reaching a natural person or a corporation," the Disclosure Statement contains no such information. In light of counsel's original misunderstanding that the citizenship of an LLC is determined by where that LLC is headquartered (Doc. 1 at 2), the supplement does not sufficiently establish counsel has conducted the necessary analysis to correctly identify citizenship.

As referenced in the court's September 18 order, this is not the first time Woods and Perry have failed to establish diversity jurisdiction when removing a case. In the earlier case, one defendant was Safe Miles LLC. Woods and Perry removed that case but did not identify Safe Miles's citizenship. The court had to order a supplement "identifying the members of defendant Safe Miles, LLC and each member's citizenship." CV-25-1262-PHX-KML, Doc. 7 at 1. Woods then filed a document stating: "Safe Miles, LLC, has one member, Abdulvosit Rahmonov, who is also a named Codefendant in this matter. Defendant Rahmonov resides in the State of Illinois."[1] CV-25-1262-PHX-KML, Doc. 8 at 1.

Based on the clear order in this case, as well as the proceedings in CV-25-1262-PHX-KML, Woods and Perry are aware of what is required to establish diversity jurisdiction when a limited liability company is involved. For unknown reasons, they chose not to provide the necessary information here.

"In cases removed from state court, the removing defendant has always borne the burden of establishing federal jurisdiction . . . ." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006) (simplified). Here, the burden is on Fosse Blanc Trucking to establish complete diversity between the parties. Despite its counsel being

[1] This supplement was still deficient because "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

instructed in an earlier case and a clear order in this case, Fosse Blanc Trucking chose not to supply the information necessary to determine the presence of complete diversity between plaintiff and defendants. "Opportunities [to establish jurisdiction] cannot be afforded *ad infinitum*; the time to remand has come." *Wells Fargo Bank NA v. WPT Props. LP*, No. CV-25-04083-PHX-DWL, 2025 WL 3264545, at *4 (D. Ariz. Nov. 24, 2025). This case is remanded for lack of subject matter jurisdiction.

**IT IS ORDERED** this case is remanded to the Maricopa County Superior Court based on a lack of subject matter jurisdiction.

Dated this 30th day of September, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**